## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Northern | |
|---|---|---|
| Name (under which you were convicted): SEAN PATRICK O'GEARY | | Docket or Case No.: CO8-4 LRR |
| Place of Confinement: ANAMOSA STATE PENITENTIARY, 406 N. HIGH ST. P.O. BOX 10, ANAMOSA IA 52206 | | Prisoner No.: 1090098 |
| Petitioner (include the name under which you were convicted) SEAN PATRICK O'GEARY v. | Respondent (authorized person having custody of petitioner) JERRY BURT, WARDEN, ANAMOSA STATE PENITENTIARY | |
| The Attorney General of the State of Iowa | | |

### PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    IOWA DISTRICT COURT IN AND FOR LINN COUNTY CEDAR RAPIDS, IOWA

    (b) Criminal docket or case number (if you know): FECR 22605-0198

2.  (a) Date of the judgment of conviction (if you October 16, 1998

    (b) Date of sentencing: Life Term; Sentenced on October 16, 1998

3.  Length of sentence: Life

4.  In this case, were you convicted on more than one count or of more than one crime? ☐ Yes ☒ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    ONE OFFENSE: MURDER IN THE FIRST DEGREE, CHAPTERS 707.1 and 707.2(5), ICA

6.  (a) What was your plea? (Check one)

    ☒ (1) Not guilty    ☐ (3) Nolo contendere (no contest)

    ☐ (2) Guilty    ☐ (4) Insanity plea

    (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? N/A

~ 1 ~

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

    ☒ Jury     ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☒ Yes     ☐ No

8. Did you appeal from the judgment of conviction?

    ☒ Yes     ☐ No

9. If you did appeal, answer the following:

(a) Name of court: APPEAL TO THE SUPREME COURT OF IOWA, transferred TO IOWA COURT OF APPEALS FOR INITIAL DISPOSITION

(b) Docket or case number (if you know): No. 1999 - 458 (9-715) 98 - 1965

(c) Result: IOWA COURT OF APPEALS DECISION - AFFIRMED

(d) Date of result (if you know): DECEMBER 22, 1999

(e) Citation to the case (if you know): _____

(f) Grounds raised: SEE EXHIBIT 1 ATTACHED : "DEFENDANT - APPELLANT'S AMENDED BRIEF AND ARGUMENT" (I → IX)

_____

_____

_____

(g) Did you seek further review by a higher state court?   ☒ Yes    ☐ No

If yes, answer the following:

(1) Name of court: SUPREME COURT OF IOWA

(2) Docket or case number (if you know): NO. 98 - 1965

(3) Result: FURTHER REVIEW GRANTED FOR LIMITED PURPOSE OF CONSIDERING CLAIMS OF INEFFECTIVENESS. DECISION AFFIRMED OF LOWER COURTS EXCEPT FOR PRESERVATION OF TWO INEFFECTIVENESS CLAIMS.

(4) Date of result (if you know): MARCH 3, 2000 PROCEEDINGS APRIL 26, 2000.

(5) Citation to the case (if you know): _____

(6) Grounds raised: SEE EXHIBIT 1

_____

_____

_____

- 2 -

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.  Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☒ Yes ☐ No

11.  If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court: IN THE IOWA DISTRICT COURT FOR LINN COUNTY

(2) Docket or case number (if you know): LACV039443

(3) Date of filing (if you know): FEBUARY 12, 2001

(4) Nature of the proceeding: POSTCONVICTION RELIEF ; CHAPTER 822

(5) Grounds raised: SEE EXHIBIT 2 ATTACHED

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? ☒ Yes ☐ No

(7) Result: APPLICATION FOR POSTCONVICTION RELIEF DENIED AND APPLICATION FOR AMENDED FINDINGS AND LEGAL CONCLUSIONS

(8) Date of result (if you know): MARCH 21, 2006 AND APRIL 25, 06 DENIED

(b) If you filed any second petition, application, or motion, give the same information: N/A

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

- 3 -

_____
_____
_____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:    **N/A**

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____
_____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☒ Yes    ☐ No

(2) Second petition:    ☐ Yes    ☐ No

~ 4 ~

AO 241
(Rev. 12/04)

(3) Third petition: ☐ Yes ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE:   INEFFECTIVENESS OF COUNSEL ( USCA, AMENDMENTS 6 AND 14)   SEE GROUND ONE ATTACHED:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

PETITIONER LISTED INDIVIDUAL ISSUES AND REQUESTED CUMULATIVE ANALYSIS OF INEFFECTIVENESS OF COUNSEL CLAIMS.

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground One, explain why:  RAISED AT TRIAL LEVEL IN POSTCONVICTION, AND RAISED BEFORE BOTH IOWA APPELLATE COURTS, ALSO RAISED ON DIRECT APPEAL CERTAIN INEFFECTIVENESS CLAIMS : SEE EXHIBITS 1 and 2

(c)  Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☒ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:  SEE EXHIBIT 1 : ON DIRECT APPEAL, ISSUE II, (A) and (B) ALLEGED INEFFECTIVENESS ON SPECIFIC GROUNDS — THESE ISSUES PRESERVED FOR PCR BY THE SUPREME COURT OF IOWA IN RULING 3/3/00.

(d)  Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  POSTCONVICTION RELIEF, CHAPTER 822

Name and location of the court where the motion or petition was filed:  IN THE IOWA

- 5 -

DISTRICT COURT FOR LENN COUNTY

---

Docket or case number (if you know): LACV 039943

Date of the court's decision: MARCH 21, 2006, DENIAL OF 1.904 APPL.
APRIL 25, 2006

Result (attach a copy of the court's opinion or order, if available): (SEE PCR APPENDIX,

VOL. I, 357 - 371)

(3) Did you receive a hearing on your motion or petition?          ☒ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: SUPREME COURT OF IOWA
BUT CASE TRANSFERRED TO IOWA COURT OF APPEALS,

Docket or case number (if you know): 7-537 / 06-0857

Date of the court's decision: October 24, 2007; SUPREME COURT OF IOWA
DENIED APPL. FOR FURTHER REVIEW DECEMBER 14, 2007,
PROCEDENDO DECEMBER 28, 2007

Result (attach a copy of the court's opinion or order, if available):

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: PRESERVED FOR POSTCONVICTION

THE TWO INEFFECTIVENESS CLAIMS
BY THE SUPREME COURT OF IOWA WERE RAISED IN
PCR PROCEEDING, AND ADDITIONAL INEFFECTIVENESS
CLAIMS WERE RAISED BEYOND THOSE PRESERVED ON
DIRECT APPEAL IN ACCORDANCE WITH NEWLY ENACTED CHAPTER 8147
WHICH NEGATED ANY PROCEDURAL BAR.

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

_____

_____

_____

---

**GROUND TWO:**        NEWLY-DISCOVED EVIDENCE
SEE GROUND TWO ATTACHED ; SEE ALSO EXHIBIT, ISSUES 4 + 8

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

NEWLY-DISCOVED EVIDENCE WAS RAISED AT THE PCR TRIAL
AND AT ALL APPELLATE LEVELS, AND WERE
BASED ON DOCUMENTS OR THE TESTIMONY OF STATE AGENT
JESSICA BLOUGH                    AFTER THE
CONCLUSION OF THE O'GEARY TRIAL.

-6-

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

(c)    **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☒ No

    (2) If you did not raise this issue in your direct appeal, explain why: DISCOVERED AFTER THE CONCLUSION OF THE O'GEARY TRIAL AND DIRECT APPEAL PROCEEDINGS

(d)    **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ☒ Yes  ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: POSTCONVICTION RELIEF, CHAPTER 822

Name and location of the court where the motion or petition was filed:

IN THE IOWA DISTRICT COURT LINN COUNTY

Docket or case number (if you know): LACV 039 443

Date of the court's decision: MARCH 21, 2006 ; DENIAL OF 1,904(9) APPLICATION APRIL 25, 2006

Result (attach a copy of the court's opinion or order, if available): _____

_____

    (3) Did you receive a hearing on your motion or petition?  ☒ Yes  ☐ No

    (4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: SUPREME COURT OF IOWA -- TRANSFERRED TO IOWA COURT OF APPEALS FOR INITIAL DISPOSITION.

Docket or case number (if you know): 7 - 537 / 06 - 0859

Date of the court's decision: October 24, 2007 SUPREME COURT OF IOWA

Result (attach a copy of the court's opinion or order, if available): DENIED APPL. FOR FURTHER REVIEW ON DECEMBER 24, 2007, PROCEDENDO ISSUED DECEMBER 28, 2007

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two    _____N / A_____

_____

_____

**GROUND THREE:**    THAT PETITIONER DEMONSTRATED A SET OF MATERIAL FACTS THAT UNDER CHAPTER 822.2(4), RCA ENTITLED HIM TO RELIEF. SEE GROUND THREE ATTACHED.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AFTER PETITIONER'S TRIAL A NEW PRINCIPLE OF LAW WAS ESTABLISHED IN TURNER V. IOWA FIRE EQUIPMENT CO., 229 F 3d 1202 (8th CIR. 2000) WHICH ON A SCIENTIFIC BASIS RENDERED INADMISSIBLE EXPERT TESTIMONY ON SOLE CAUSATION IF NOT ALL OTHER CAUSES COULD BE RULED OUT BY AN EXPERT OPINING ON SOLE CAUSATION.

(b) If you did not exhaust your state remedies on Ground Three, explain why:    _____

_____

_____

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:    THIS NEW LEGAL RULE BECAME AVAILABLE AFTER THE O'GEARY CRIMINAL TRIAL AND DIRECT APPEAL

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    POST CONVICTION RELIEF, CHAPTER 822

- 8 -

Name and location of the court where the motion or petition was filed:

IN THE IOWA DISTRICT COURT LINN COUNTY

Docket or case number (if you know): LACVO 39443

Date of the court's decision: MARCH 21, 2006; DENIAL OF 1.904(2) Appl APRIL 25, 2006

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☒ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: SUPREME COURT OF IOWA
but TRANSFERRED TO IOWA COURT OF APPEALS FOR
INITIAL DISPOSITION

Docket or case number (if you know): 7-537/06-0857

Date of the court's decision: OCTOBER 24, 2007 SUPREME COURT OF IOWA

Result (attach a copy of the court's opinion or order, if available): DENIED APPL FOR FURTHER REVIEW
DECEMBER 24, 2007.
PROCEDENDO ISSUED DECEMBER 28, 2007.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:** THE Petitioner WAS DENIED A
FAIR TRIAL WHEN THE COURT ADMITTED EXPERT
TESTIMONY WHICH WAS UNDULY PREJUDICIAL AND WENT TO
(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): ULTIMATE ISSUE OF THE
PETITIONER RAISED ON DIRECT APPEAL THAT CASE. SEE EXHIBIT 4,
STATE EXPERTS WERE ALLOWED TO OPINE ISSUE IV.
THAT MERCEDES' HEAD INJURY WAS "INFLICTED"
AND TWO SPECIFIED EXPERTS MADE .
CONCLUSORY OPINIONS ON AN ULTIMATE LEGAL ISSUE.

— 9 —

AO 241
(Rev. 12/04)

THIS GROUND WAS DENIED ON THE MERITS ON
DIRECT APPEAL.
_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)   **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

     ☐ Yes    ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?                    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?               ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

AO 241
(Rev. 12/04)

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____
_____
_____

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____
_____
_____

13.  Please answer these additional questions about the petition you are filing:

(a)  Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☒ Yes  ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____
_____

(b)  Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

N/A _____

_____

14.  Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?  ☐ Yes  ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

_____
_____
_____

_____
_____
_____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

_____
_____
_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: JONATHAN B. HAMMOND LI1008323
P.O.BOX 10020, CEDAR RAPIDS, IA 52410-0020

(b) At arraignment and plea: SAME

(c) At trial: SAME

(d) At sentencing: ALFREDO PARRISH PK 0000419l
2910 GRAND AVE. DES MOINES, IOWA 50312

(e) On appeal: SAME

(f) In any post-conviction proceeding: JERALD W. KINNAMON & JON M. KINNAMON
330 1ST STREET SE, CEDAR RAPIDS, IA 52401
WILLIAM L. KUTMUS, SUITE 618, 604 LOCUST ST. DES MOINES, IA 50309

(g) On appeal from any ruling against you in a post-conviction proceeding:
JERALD W. KINNAMON AND JON M. KINNAMON
(ADDRESS ABOVE) (AT 0004315 and AT 0004316)

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____
_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

~ 12 ~

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

N/A

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

- 13 -

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:   Petitioner requests a writ of HABEAS CORPUS Issue, and that the conviction and sentence of the petitioner be held unconstitutional and invalid AND that the petitioner be granted a new trial

or any other relief to which petitioner may be entitled.

(Court - Appointed counsel is requested as set out in letter attached)

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct ~~and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on~~ _____ ~~(month, date, year)~~.

Executed (signed) on   1-12-08   (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

-14-

## GROUNDS FOR WRIT OF HABEAS CORPUS

12. Ground One:

Trial and appellate counsel in Petitioner's state criminal proceeding rendered ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments. See statement of the issues presented in Petitioner's PCR Appeal: Exhibit 2. As to the ineffectiveness of counsel, Petitioner's explicitly relies on these underlying issues:

Issue 1: In Petitioner's initial appellate brief, Mr. O'Geary asserted counsel erred in not preserving a Fifth Amendment claim, a confrontation, due process, and compulsory process claim.

Issue 2: Prior counsel was ineffective in failing to raise instructional error to the omission and/or commingling of essential elements;

Issue 3: Appellate counsel was ineffective in failing to raise a claim on direct appeal of insufficiency of the evidence, and also a claim of an inconsistent prosecutorial theory;

Issue 5: Counsel's performance constituted ineffectiveness of counsel by permitting prosecutorial misconduct. Without objection, Mr. O'Geary was denied a fair trial;

Issue 6: Trial counsel's failure to request a mistrial following the testimony of Detective Slezak and/or Detective Choate;

Issue 7: Trial counsel was ineffective in failing to call an expert biomechanical engineer;

Issue 8: trial counsel was ineffective when he made no objection to the prosecutor's question whether he burned Mercedes with a cigarette; counsel also failed to move for a mistrial;

Issue 9: Trial counsel was ineffective in failing to challenge the prosecutor's creation of evidence of a wall strike, and in failing to object to prosecutor's conclusory comment

$-15-$

that Mercedes' head injury did not emanate from an accident. Petitioner sought at all tiers of the State Court system on direct appeal and in the PCR proceeding, a review of counsel's performance under cumulative error standard. *Wycoff v. State*, 382 N.W.2d 462 (Iowa 1984)

12. Ground Two:

Issue 4: Evidence newly discovered after the O'Geary jury verdict disclosed favorable concessions to Jessica by the State;

Issue 8: Newly discovered evidence from the testimony of State agent, Jessica Blough, at her own trial which was subsequent to Sean O'Geary's: Jessica disclosed Mercedes had burned her hand on an oven. Jessica's testimony disclosed knowledge that was esoteric to her as a result of her observations of the child Mercedes and the child's verbalizations, as well as physical changes in the child which contradicted the timeline assumed for those changes by expert witnesses in the trial of Mr. O'Geary.

12. Ground Three:

Under federal due process, Chapter 822.2(4), a state postconviction legislative remedy entitles a petitioner to the vacation of a conviction or a sentence in the interest of justice whenever it is shown by Petitioner there exists material facts not previously presented or heard. (*Greenholtz v. Nebraska Penal Inmates*, 422 U.S. 1, 10 (1979); *Turner v. Iowa Fire Equipment Co.*, 229 F 3d 1202 (8th Cir. 2000)

12. Ground Four:

Defendant was denied his right to a fair trial when the Court admitted expert testimony which was unduly prejudicial and went to the ultimate issue of the case. (Direct appeal,

$-16-$

Exhibit 1, Issue IV) The term "inflicted" used by State experts was highly prejudicial and had a definite legal meaning which was conclusory on the ultimate legal issue.

- / 7 -

PETITIONER'S EXHIBIT NO. 15 (Ii-iv pages only)

FILED

AUG 0 4 1999

CLERK SUPREME COURT

IN THE SUPREME COURT OF IOWA

NO. 98-1965

STATE OF IOWA,

     Plaintiff-Appellee,

vs.

SEAN O'GEARY,

     Defendant-Appellant.



PETITIONER'S
EXHIBIT
15

APPEAL FROM THE IOWA DISTRICT COURT
IN AND FOR LINN COUNTY
HONORABLE DAVID M. REMLEY, JUDGE

DEFENDANT-APPELLANT'S AMENDED BRIEF AND ARGUMENT

PARRISH, KRUIDENIER, MOSS, DUNN
& MCNTGOMERY

Alfredo Parrish
2910 Grand Avenue
Des Moines, Iowa 50312
(515)284-5737
(515) 284-1704 (Fax)
Aparrish@parrishlaw.com
ATTORNEY FOR DEFENDANT/
APPELLANT

Mr. Thomas Miller
Assistant Attorney General
Criminal Appeals Division
Des Moines, Iowa 50319
(515) 281-5164
(515) 281-4209 (Fax)
ATTORNEY FOR PLAINTIFF/
APPELLEE

Amended Brief

# TABLE OF CONTENTS

PAGE

Proof of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . I

Certificate of Filing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . I

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

Statement of Issues Presented for Review . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I.      THE DEFENDANT'S FIFTH AMENDMENT RIGHT TO
        SILENCE WAS VIOLATED WHEN THE COURT
        OVERRULED DEFENDANT'S OBJECTION TO THE
        HEARSAY TESTIMONY OF OFFICER SLEZAK WHICH
        REFERRED TO DEFENDANT'S SILENCE . . . . . . . . . . . . . . . . . . . 12

        A.      DEFENDANT'S SILENCE CAN NOT BE USED
                AGAINST HIM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

        B.      IT WAS IMPROPER FOR THE PROSECUTOR
                TO ASK A QUESTION HE KNEW WOULD
                ELICIT AN IMPROPER RESPONSE . . . . . . . . . . . . . . . . . . . 14

II.     DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF
        COUNSEL AS GUARANTEED BY THE SIXTH AND
        FOURTEENTH AMENDMENTS OF THE UNITED STATES
        CONSTITUTION AND ARTICLE ONE, SECTION TEN OF
        THE IOWA CONSTITUTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

        A.      HIS ATTORNEY FAILED TO MOVE FOR A MISTRIAL
                AFTER OFFICER SLEZAK COMMENTED ON
                DEFENDANT'S SILENCE . . . . . . . . . . . . . . . . . . . . . . . . . 15

        B.      HIS ATTORNEY FAILED TO INSIST THAT THE
                TESTIMONY OF JESSICA BLOUGH BE SUBMITTED
                TO THE COURT BY LIVE TESTIMONY UNDER OATH
                ON THE WITNESS STAND . . . . . . . . . . . . . . . . . . . . . . . 17

III. DEFENDANT WAS DENIED DUE PROCESS WHEN THE COURT EXCLUDED TESTIMONY OF GINA JOHNSON, WHICH WOULD HAVE SHOWN THE CHILD'S MOTHER WAS INATTENTIVE TO THE CHILD ONE YEAR PRIOR TO HER DEATH . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

IV. DEFENDANT WAS DENIED HIS RIGHT TO A FAIR TRIAL WHEN THE COURT ADMITTED EXPERT TESTIMONY WHICH WAS UNDULY PREJUDICIAL AND WENT TO THE ULTIMATE ISSUE OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

    A. <u>EXPERT TESTIMONY UNDER THE IOWA RULES OF EVIDENCE</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

    B. <u>USE OF THE TERM "INFLICTED" WAS HIGHLY PREJUDICIAL GIVEN THE TERM'S DEFINITE LEGAL MEANING</u> . . . . . . . . . . . . . . . . . . . . . . . 25

    C. <u>THE TESTIMONY OF DR. ABERNATHEY AND DR. CLARK WAS UNDULY PREJUDICIAL AND CONCLUSORY ON AN ULTIMATE LEGAL ISSUE AND THEREFORE SHOULD HAVE BEEN PROHIBITED</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

V. DEFENDANT'S DUE PROCESS RIGHTS WERE VIOLATED WHEN THE COURT ON THREE SEPARATE CRITICAL OCCASIONS REREAD THE PROSECUTOR'S QUESTIONS AS OPPOSED TO ALLOWING THE QUESTIONS TO BE REREAD BY THE COURT REPORTER . . . . . . . . . . . . . . . . . . . . . . . 28

VI. THE VERDICT IN THIS CASE WAS CONTRARY TO THE WEIGHT OF THE EVIDENCE AND THEREFORE SHOULD BE VACATED AND DEFENDANT GIVEN A NEW TRIAL . . . . . . . . . . 30

VII. DEFENDANT'S SIXTH AMENDMENT RIGHTS WERE VIOLATED WHEN THE COURT DENIED COUNSEL'S REQUEST TO HAVE DEFENDANT EXAMINED BY AN EXPERT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

VIII. DEFENDANT WAS PREJUDICED BY PROSECUTORIAL MISCONDUCT WHEN THE PROSECUTOR ASKED DEFENDANT WHETHER HE HAD EVER BURNED THE CHILD WITH A CIGARETTE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

Case 1:08-cv-00004-LRR-JSS   Document 1   Filed 01/14/08   Page 20 of 25

IX.   THE CUMULATIVE EFFECT OF ALL THE ERRORS WAS SO
      PREJUDICE THAT DEFENDANT WAS DENIED A FAIR AND
      IMPARTIAL TRIAL IN VIOLATION OF THE 5TH, 6TH, 14TH
      AMENDMENTS OF THE UNITED STATES CONSTITUTION
      AND ARTICLE ONE, SECTIONS 9 AND 10 OF THE IOWA
      CONSTITUTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

Notice of Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

Attorney's Cost Certificate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

-21-

FEDERAL HABEAS CORPUS EXHIBIT 2

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

**ISSUE I:** TRIAL COUNSEL WAS INEFFECTIVE IN PREVENTING A DENIAL OF SEAN O'GEARY'S RIGHT OF CONFRONTATION AND COMPULSORY PROCESS, AND IN FAILING TO PRESENT ALL MATERIAL GROUNDS KNOWN TO HIM, TO SUPPORT A WAIVER BY STATE AGENT, JESSICA BLOUGH, OF HER FIFTH AMENDMENT PRIVILEGE.

    **A. FIFTH AMENDMENT WAIVER**
    **B. CONFRONTATION, DUE PROCESS AND COMPULSORY PROCESS**

Barber v. Page, 390 U.S. 719 (1968)
Crawford v. Washington, 541 U.S. 36 (2004)
Davis v. Alaska, 415 U.S. 308 (1974)
Douglas v. Alabama, 380 U.S. 415 (1965)
Maryland v. Craig, 497 U.S. 836, 111 L.ed 2d 666, 110 S. Ct. 3157 (1990)
Ohio v. Roberts, 448 U.S. 56 (1980)
Schaal v. Gammon, 233 F. 3d 1103 (8th Cir. 2000)
State v. Foster, 318 N.W. 2d 176 (Iowa 1982)
State v. Kellogg, 385 N.W. 2d 558 (Iowa 1986)
State v. Leuty, 247 Iowa 231, 73 N.W. 2d 64 (1955)
State v. Simpson, 587 N.W. 2d 770 (Iowa 1998)
State v. Turner, 345 N.W. 2d 552 (Iowa App. 1993)
Whorton v. Bockting, 126 S. Ct. 2017 (2006)
House File 2325 effective 7/1/04
Iowa Rules of Evidence 403
Iowa Rules of Criminal Procedure 25 (1)

**ISSUE 2:** PRIOR COUNSEL WAS INEFFECTIVE IN FAILING TO RAISE OBJECTIONS TO THE TRIAL COURT'S INSTRUCTIONS WHICH FAILED TO COMPLY WITH STATE LAW AND THE REQUIREMENTS OF DUE PROCESS, AND THE STATUTORY ELEMENTS OF CHAPTERS 707.1, 707.2, AND 707.2 (5) ARE COMMINGLED AND ARBITRARY BY FAILING TO DISTINGUISH BETWEEN THE ELEMENTS OF MURDER AND THE ELEMENTS OF CHAPTER 726.6 (1) (b), ICA. (PCR, Amended Petition, Issue 2 and 3)

Blockburger v. United States, 284 U.S. 299 (1932)
Hildreth v. Iowa Department of Human Services, 550 N.W. 2d 157 (Iowa 1996)
In re Winship, 397 U.S. 358 (1970)
Ledezma v. State, 626 N.W. 2d 134 (Iowa 2001)
Murray v. Carrier, 477 U.S. 479 (1996)
Russell v. United States, 369 U.S. 749 (1962)
Snethen v. State, 308 N.W. 3d 11 (Iowa 1981)
State v. Allison, 576 N.W. 2d 371 (Iowa 1998)
State v. Baker, 560 N.W. 2d 10 (Iowa 1997)
State v. Engle, 590 N.W. 2d 549 (Iowa App. 1998)
State v. Gordon, 560 N.W. 2d 4 (Iowa 1997)

State v. Grice, 515 N.W. 2d 20 (Iowa 1994)
State v. Heemstra, 721 N.W. 2d 549 (Iowa 2006)
State v. Hunter, 550 N.W. 2d 460 (Iowa 1996)
State v. Kellogg, 542 N.W. 2d 514 (Iowa 1996)
State v. Kinsel, 545 N.W. 2d 885 (Iowa App. 1996)
State v. Mayberry, 411 N.W. 2d 677 (Iowa 1987)
State v. McClain, 125 N.W. 2d 764 (Iowa 1964)
State v. Schoelerman, 315 N.W. 2d 67 (Iowa 1982)
State v. Thompson, 570 N.W. 2d 765 (Iowa 1997)
State v. Webb, 309 N.W. 2d 404 (Iowa 1981)
Strickland v. Washington, 466 U.S. 668 1994)
United States v. Frady, 456 U.S. 152 (1992)
Iowa Code Chapter 707.1
Iowa Code Chapter 707.2
Iowa Code Chapter 707.2 (5)
Iowa Code Chapter 726.6 (1)
Iowa Code Chapter 726.6 (1) (b)

**ISSUE 3:** APPELLATE COUNSEL WAS INEFFECTIVE IN NOT RAISING ON DIRECTAPPEAL THE INSUFFICIENCY OF EVIDENCE CLAIMS PRESERVED BY TRIAL COUNSEL, AND TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO RAISE THE CLAIM OF AN INCONSISTENT PROSECUTORIAL THEORY ON THE ISSUE OF "CUSTODY AND CONTROL."
Jackson v. Virginia, 443 U.S. 307 (1979)
Smith v. Groose, 205 3d 1045 (8th Cir. 2000)
State v. LaPointe, 418 N.W. 49 (Iowa 1988)
Strickland v. Washington, 466 U.S. 668 1994)
United States v. Hall, 999 F. 2d 1298 (8th Cir. 1993)

**ISSUE 4:** MR. O'GEARY'S CONVICTION SHOULD BE REVERSED AND A NEW TRIAL ORDERED ON THE BASIS OF NEWLY DISCOVERED EVIDENCE WHICH WAS DISCLOSED AFTER THE JURY VERDICT IN *O'GEARY* AND WHICH COULD NOT HAVE BEEN DISCOVERED EARLIER IN THE EXERCISE OF DUE DILIGENCE: THE EVIDENCE WAS MATERIAL, AND WOULD HAVE PROBABLY CHANGED THE RESULT OF THE TRIAL. (USCA, AMENDMENTS 5, 6 AND 14)
Kyles v. Whitley, 514 U.S. 419, 431 (1993)
Nepue v. Illinois, 360 U.S. 264 (1959)
State v. Speicher, 625 N.W. 2d 738 (Iowa 2001)
Strickler v. Greene, 527 U.S. 263 (1999)
Iowa Code Chapter 124.401 (1) (b) (7) (1997)
Iowa Code Chapter 124.401 (1) (c) (7) (1997)

**ISSUE 5:** INEFFECTIVE ASSISTANCE OF COUNSEL PERMITTED PROSECUTORIAL MISCONDUCT TO DEPRIVE THE DEFENDANT OF A FAIR TRIAL.

Beaugureou v. State, 56 P. 3d 626 (Wyo. 2002)
State v. Anderson, 448 N.W. 2d 30 (Iowa 1989)
State v. Bishop, 357 N.W. 2d 554 (Iowa 1986)
State v. Graves, 668 N.W. 2d 860 (Iowa 2003)
State v. Greene, 492 N.W. 2d 24, 29 (Iowa 1999)
State v. Leuty, 247 Iowa 231, 73 N.W. 2d 64 (1955)
State v. Levy, 160 N.W. 2d 460 (Iowa 1968)
State v. Piper, 663 N.W. 2d 894 (Iowa 2003)
State v. Phillips, 226 N.W. 2d 16 (Iowa 1975)
State v. Wright, 192 Iowa 239, 182 N.W. 2d 385 (1921)
Strickland v. Washington, 466 U.S. 668 (1994)
United States v. Boyd, 54 F. 3d 868 (D.C. Cir. 1995)
United States v. Sanchez, 176 F. 3d 1214, 1225 (9th Cir. 1999)
House File 2325 effective 7/1/04

**ISSUE 6**: TRIAL COUNSEL'S FAILURE TO REQUEST A MISTRIAL
FOLLOWING THE TESTIMONY OF DETECTIVE SLEZAK AND/OR THE
TESTIMONY OF DETECTIVE CHOATE CONSTITUTED INEFFECTIVE
ASSISTANCE OF COUNSEL.
Ledezma v. State, 626 N.W. 2d 134 (Iowa 2001)
Strickland v. Washington, 466 U.S. 668 1994)
United States v. Beeks, 224 F. 3d 741 (8th Cir. 2000)
Williams v. Mensey, 785 F. 2d 631 (8th Cir. 1986)

**ISSUE 7**: INEFFECTIVENESS OF TRIAL COUNSEL IN FAILING TO CALL AN
EXPERT BIOMECHANICAL ENGINEER.
Gersten v. Senkowski, 426 F. 3d 588 (C.A. 2, 2005)
Kellogg v. State, 288 N.W. 2d 561 (Iowa 1980)
Paine v. Massie, 339 F. 3d 1194 (C.A. 10, 2003)

**ISSUE 8**: THAT TRIAL COUNSEL WAS INEFFECTIVE WHEN HE FAILED TO
MAKE ANY OBJECTION TO THE PROSECUTOR'S QUESTION TO SEAN
O'GEARY ON CROSS-EXAMINATION WHETHER HE BURNED MERCEDES
WITH A CIGARETTE, NOR MOVE FOR MISTRIAL, AND APPELLATE
COUNSEL WAS INEFFECTIVE IN PRESENTING THE ISSUE ON APPEAL AS
A PRESERVED CLAIM, AND FURTHER THERE IS NEWLY DISCOVERED
EVIDENCE FROM STATE AGENT, JESSICA BLOUGH, THAT MERCEDES
TOLD JESSICA SHE BURNED HER HAND ON THE OVEN.
Grissom v. State, 572 N.W. 2d 183 (Iowa Ct. App. 1997)
Kyles v. Whitley, 514 U.S. 419 (1993)
Osborne V. State, 573 N.W. 2d 917 (Iowa 1998)
State v. Halstead, 362 N.W. 2d 504 (Iowa 1985)
State v. Werts, 677 N.W. 2d 734 (Iowa 2004)
Strickler v. Greene, 527 U.S. 263 (1999)
Strickland v. Washington, 466 U.S. 668 (1994)
Iowa Code Chapter 707.2 (5)

Iowa Code Chapter 726.6 (1) (b)

**ISSUE 9:** **TRIAL COUNSEL WAS INEFFECTIVE BY FAILING TO
CHALLENGE THE PROSECUTOR'S CREATION OF EVIDENCE OF A WALL
STRIKE, AND HIS CONCLUSORY COMMENT THAT MERCEDES' HEAD
INJURY DID NOT EMANATE FROM AN ACCIDENT.**
United States v. Calderon, 127 F. 3d 1314 (11th Cir. 1997)
United States v. Spanglett, 258 F. 2d 338 (2nd Cir. 1958)

**ISSUE 10:** **THERE EXISTS EVIDENCE OF MATERIAL FACTS NOT
PREVIOUSLY PRESENTED OR HEARD THAT REQUIRES VACATION OF
THE CONVICTION OF SENTENCE IN THE INTEREST OF JUSTICE.
(CHAPTER 822.2(4), ICA)**
Berryhill v. State, 603 N.W. 2d 243 (Iowa 1999)
Stanford v. Iowa State Reformatory, 270 N.W. 2d 28, (Iowa 1979)
State v. Webb, 309 N.W. 2d 404 (Iowa 1981)
Turner v. Iowa Fire Equipment Co., 229 F. 3d 1202 (8th Cir. 2000)
Iowa Code Chapter 822.2(4)
Iowa Code Chapter 822.3

-25-