# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| SEAN PATRICK O'GEARY, | |
| Petitioner, | No. C08-0004-LRR |
| vs. | **ORDER** |
| JOHN FAYRAM, | |
| Respondent. | |

_____

## I. INTRODUCTION

The matter before the court is United States Magistrate Judge Jon S. Scoles's report and recommendation (docket no. 41). Judge Scoles filed his report and recommendation on July 23, 2009. Such report and recommendation addressed an application for a writ of habeas corpus under 28 U.S.C. § 2254 (docket no. 1), which was filed by Sean Patrick O'Geary ("petitioner"). In the report and recommendation, Judge Scoles recommends that the court deny the petitioner's application for a writ of habeas corpus. Judge Scoles also recommends that the court decline to grant a certificate of appealability. On August 6, 2009, the petitioner, by and through counsel, filed objections (docket no. 42) to the report and recommendation. On the same date, the petitioner, proceeding pro se, filed objections (docket no. 43) to the report and recommendation.

## II. STANDARD OF REVIEW

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge. . . .

28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) (making clear that, where a proper objection is made, the district court must determine de novo a magistrate judge's recommendation on a dispositive motion). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a de novo review of a magistrate judge's report where such review is required. *See, e.g., United States v. Lothridge*, 324 F.3d 599, 601 (8th Cir. 2003); *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995); *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). However, the plain language of the statute governing review provides only for de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Therefore, portions of the proposed findings or recommendations to which no objections were filed are reviewed only for "plain error." *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (reviewing factual findings for "plain error" where no objections to the magistrate judge's report were filed).

### III.  ANALYSIS.[1]

#### A.  *Findings of Fact*

The petitioner does not object to Judge Scoles's findings of fact. Therefore, the court reviews the report and recommendation's findings of fact for plain error. The court finds that no plain error occurred. Accordingly, the court shall adopt Judge Scoles's findings of fact.

---

[1] Proceeding pro se, the petitioner submitted his own objections. The court declines to review those objections because the petitioner previously elected to utilize the full assistance of counsel who would present his case; it refuses to consider the petitioner's pro se filings because he now deems it appropriate to add to the contentions advanced by appointed counsel.

2

## B. Conclusions of Law

The petitioner generally objects to Judge Scoles's conclusion that he failed to provide any authority or evidence which establishes that counsel's representation fell below an objective standard of reasonableness, and the petitioner specifically objects to Judge Scoles's conclusions of law regarding the following: (1) pre-arrest silence; (2) "cigarette burn"; and (3) closing argument. With respect to the conclusions of law that the petitioner did not object to, the court reviewed them and shall adopt the report and recommendation without making any changes. Further, concerning the petitioner's general and specific objections, the court concludes that the Iowa courts' decisions were not contrary to and did not involve an unreasonable application of the case law regarding the Fifth Amendment or the Sixth Amendment. Although the petitioner maintains otherwise, the record establishes that the Iowa courts did not unreasonably refuse to extend a legal principle from Supreme Court precedent to a new context where it should apply.

The court agrees with the respondent's assertion that the petitioner did not assert or exhaust a free-standing Fifth Amendment or due process claim with respect to his pre-arrest silence. Additionally, the court concludes that it is unable to grant habeas relief on any of the petitioner's ineffective assistance of counsel claims because the Iowa courts reasonably concluded that the conduct of counsel fell within a wide range of reasonable professional assistance, *Strickland v. Washington*, 466 U.S. 668, 689 (1984), and counsel's performance did not prejudice the petitioner's defense, *id*. at 692-94. Considering all of the circumstances and refraining from engaging in hindsight or second-guessing counsel's strategic decisions, the court agrees with the Iowa court's determination that no violation of the petitioner's constitutional right to counsel occurred. Further, to the extent that the petitioner desires to assert a free-standing prosecutorial misconduct claim, the court finds that no relief is warranted because the Iowa courts' conclusion that the petitioner did not establish a due process violation is in line with applicable federal law. *See generally Darden v. Wainwright*, 477 U.S. 168 (1986); *Donnelly v. DeChristoforo*, 416 U.S. 637

(1974); *Barnett v. Roper*, 541 F.3d 804 (8th Cir. 2008). Lastly, the court finds that the petitioner failed to adequately brief his claims that are based on newly discovered evidence and expert testimony, and, consequently, the court need not address them. Alternatively, the court concludes that the Iowa courts' resolution of those claims is consistent with applicable federal law.

In sum, after a thorough review of the record, the court finds that the petitioner's claims are belied by the record and without merit. It is appropriate to deny the application for a writ of habeas corpus because the Iowa courts neither reached a decision contrary to that reached by the United States Supreme Court on a question of law nor correctly identified the applicable principles of federal law but then unreasonably applied that law to the facts of the petitioner's claims. 28 U.S.C. § 2254(d)(1); *see also Newman v. Hopkins*, 247 F.3d 848, 850-52 (8th Cir. 2001) (discussing *Williams v. Taylor*, 529 U.S. 362 (2000)). The claims raised in the application for a writ of habeas corpus do not warrant relief under 28 U.S.C. § 2254(d). *See Williams v. Taylor*, 529 U.S. 362 (2000). Finally, the court concludes that there is no reason to grant a certificate of appealability. 28 U.S.C. § 2253.

## IV. CONCLUSION

In light of the foregoing and based upon its review of Judge Scoles's report and recommendation, the court concludes that there is no ground to reject or modify his findings and conclusions. Therefore, the court shall adopt Judge Scoles's report and recommendation.

**IT IS HEREBY ORDERED:**

(1) The petitioner's objections (docket nos. 42 & 43) are **OVERRULED**.

(2) Judge Scoles's report and recommendation (docket no. 41) is **ADOPTED**.

(3) The petitioner's application for a writ of habeas corpus (docket no. 1) is **DENIED**.

(4) A certificate of appealability is **DENIED**. Having thoroughly reviewed the record in this case, the court finds that the petitioner failed to make the requisite "substantial showing" with respect to the claims that he raises in his application for a writ of habeas corpus. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present questions of substance for appellate review, there is no reason to grant a certificate of appealability. If he desires further review of his application for a writ of habeas corpus, the petitioner may request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals, in accordance with *Tiedeman v. Benson*, 122 F.3d 518, 520-22 (8th Cir. 1997).

**DATED** this 1st day of February, 2011.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA